UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY M. DREWS,

           Plaintiff,

-against-

ROCKLAND COUNTY OFFICIALS, et al.,

           Defendants.

25-CV-2710 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action asserting claims related to Rockland County Family Court proceedings. Plaintiff alleges a pattern of racketeering activity, in violation of the Racketeer Influencd and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964, involving alleged fraud, kidnapping, conspiracy, and deprivation of her civil rights from 2008 to the present. She sues "Rockland County officials," "DSS Workers," "judges," "police" Judges Christopher J. Exias and Keith J. Cornell, attorney Margaret Regan Smith, the Suffern Police Department, Joan Silvestri, who is Commissioner of the Department of Social Services (DSS) for Rockland County, DSS Caseworker Julianna Lambas, Caseworker Jona Smith Northern, individuals associated with law firms (Nicole Greenwald, Ilene Graf, Nicole DiGiacomo), and Lawrence Montane.

    By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Wendy Drews alleges that her youngest son was placed in foster care for 142 days.[2] Plaintiff states the following:

> This case [s]tems from a 634-day fraudulent legal battle in Rockland County family Court, during which Defendants were engaged in the unlawful conduction of plaintiffs minor son false accusations against plaintiffs other son, denial of legal representation for trial, and the misuse of taxpayer funds. Systematic misconduct which includes fraudulent family court proceedings designed to strip plaintiff other parental rights with falsified reports and legal reports to justify wrongful actions.

(ECF 1 at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff states in her IFP application, that as of the filing of this complaint, her youngest son is 18 years old. (ECF 2 at 2.)

Plaintiff asserts the Defendants engaged in:

Malicious prosecution and legal abuse targeting Plaintiff as a domestic violence survivor and ignoring the facts. Complicity in the federal abduction of Ethan B minor son when Plaintiff was not home, without a court order of removal of warrant to enter the home, and without probable Cause or without exigent circumstances. The federal Kidnapping actions was recorded on BWC by October 31,2024 three Suffern PD officers. On September 3 2024 Desmond Q Martin lawyer appeared in Family Court Stating that the DA Former Judge Tom Walsh had the video evidence.

(*Id.* at 7.)

Plaintiff describes her injuries as follows:

They Knew the case history of DV# 25598. Severe Trauma forced Seperation of child on May 31, 2023 8 years prior it was my last day of work- please see attached Pages for RICO history with established patterns of organized crime my poor child my son was forced into foster care for 142 days into a basement with spiders and cockroaches and denied his right to see his family or work but 1 day a week. my other Son suffered they called him by the wrong name until I corrected them in court.

(*Id.* at 7.)

Moreover, Plaintiff describes

long term harassment and intimidation beyond the courtroom. Rockland County DSS Failure to follow legal protocol by not resolving the neglect case before illegally changing my Supreme Court Order Divorce Decree on October 20, 2023 gring my ex husband abuser on cocaine + 4 other drugs Temporary Custody! NYS is a 1 party case state which means you cannot open 2 cases against a victim on false accusations this is Double Jeopardy!

(*Id.* at 12.)

Plaintiff also includes allegations about nonparties, including Abigail Adams, Greg Weiss, and Carla Hines Melcher, who are the subjects of another action that Plaintiff has filed.[3]

---

[3] *See Drews et al v. GoldOller Real Estate Investments*, No. 24-CV-06697 (LLS) (S.D.N.Y.) (amended complaint filed Aug. 27, 2025).

Plaintiff seeks damages, a full federal investigation into corruption in Rockland County Family Court, and a "federal protective order" for herself and her adult children "against Rockland County DSS any individuals, or involved officials."

Plaintiff has also applied for the court to request pro bono counsel. (ECF 4.)

## DISCUSSION

### A.  Short and Plain Statement

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The standard in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

"[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint is not a short and plain statement of the facts. Plaintiff offers legal conclusions and labels without factual allegations about what occurred. For example, Plaintiff alleges that she was subjected to "[s]ystematic misconduct which includes fraudulent family

4

court proceedings," "[m]alicious prosecution and legal abuse," "federal Kidnapping," and that there is a "RICO history with established patterns of organized crime." (ECF 1 at 6-7.) These legal conclusions are largely devoid of factual allegations showing a plausible claim for relief. Because Plaintiff has not alleged such facts, the complaint does not comply with Rule 8. The Court therefore dismisses the complaint for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

**B.     Improper Defendants**

Because the Court grants Plaintiff leave to replead her complaint, the Court notes that many of the defendants named in the initial complaint are improper and should not be included in an amended complaint if she chooses to file one. First, Plaintiff names as defendants "judges" in general, as well as particular individuals, Judge Christopher J. Exias and Judge Keith J. Cornell. Judges are absolutely immune from suit for damages for "acts arising out of, or related to, individual cases before the judge . . ." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). If Plaintiff chooses to file an amended complaint, she therefore should not name judges as defendants, seeking damages for their decisions in cases before them.

Plaintiff also sues "police," though it is not clear which department she wishes to sue. (ECF 1 at 1.) In most municipalities, the police department lacks the capacity to be sued in the name of the department rather than in the name of the City or County. *See* Fed. R. Civ. P. 17(c)(3) (state law governs determinations of capacity); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Claims against a police department generally must be brought against the City or County itself. *See*, *e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Moreover, to plead a claim against a municipality, a plaintiff must allege facts

5

showing that a policy, custom, or practice of the municipality was a moving force in the Plaintiff's injury. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

Plaintiff also sues individuals who are not sufficiently identified. Claims against "Rockland County Officials," and "DSS Workers" are not cognizable because Plaintiff does not include sufficient information to identify any official or worker whom she intends to sue. If Plaintiff does not know the name of a defendant whom she wishes to sue in the amended complaint, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, and must plead facts about what each individual did or failed to do that violated her rights in the body of the complaint.[4] As explained below, however, the Federal Rules of Civil Procedure govern when it is proper to join claims against different defendants in a single action.

**C.    Conspiracy**

Plaintiff alleges that Defendants conspired to abduct Plaintiff's son without a valid court order, violating her civil rights and federal kidnapping statutes.[5] She also alleges that Defendants conspired to deny her legal rights under 42 U.S.C. § 1985.

To state a claim of conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2025, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[5] A private individual cannot prosecute criminal charges, and the Court therefore does not address further Plaintiff's allegations of kidnapping or other criminal activity. *See, e.g., Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor.").

The allegations required to state a claim of conspiracy under Section 1985(3) are similar, except that "the [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (internal quotation marks and citation omitted). Thus, under Section 1985(3), a plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Vague and unsupported allegations of a claim of conspiracy, under either Section 1983 or Section 1985, will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Here, Plaintiff's allegations of conspiracy are conclusory and without any factual detail suggesting an agreement to inflict an unconstitutional injury. Plaintiff's allegations that her child was temporarily removed from her custody, through a process involving agencies, case workers, and the Family Court, do not state a claim of conspiracy to violate Plaintiff's rights. There are no plausible allegations of an explicit agreement or "tacit understanding to carry out the prohibited conduct." *Thomas*, 165 F.3d at 146. There are also no plausible allegations that any parties were motivated by class-based, invidious discriminatory animus. The Court therefore dismisses

7

Plaintiff's claims of conspiracy under Sections 1983 and 1985 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.    Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding. *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970). However, "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Here, Plaintiff has named many different defendants in this action, and she asserts claims against them arising out of separate events during the course of many years. These claims are not properly joined in a single action. If Plaintiff files an amended complaint, she can either bring all of the unrelated claims that she has against a particular defendant, or she can join multiple defendants as permitted by Rule 20(a)(2), which generally requires that the claim arise from the same incident. The Court also notes that if Plaintiff has several pending actions and cautions her against bringing duplicative or overlapping claims.

**E.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**F.     Pro Bono Counsel**

Plaintiff filed an application for the Court to request pro bono counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[6]

---

[6] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. Plaintiff's application for the Court to request pro bono counsel (ECF 4) is denied without prejudice.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 17, 2025
         New York, New York

                                        _____Louis L. Stanton_____
                                             Louis L. Stanton
                                                 U.S.D.J.