UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY M. DREWS,

                Plaintiff,

        -against-

ROCKLAND COUNTY OFFICIALS, et al.,

              Defendants.

25-CV-2710 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

This matter comes before the Court on Plaintiff's motion for an extension of time to file an amended complaint. (ECF 11.) For the reasons set forth below, the Court grants the motion and directs Plaintiff, if she wishes to proceed with this action, to file an amended complaint within 30 days.

## DISCUSSION

Plaintiff has brought multiple overlapping actions.[1] In this action, Plaintiff named as defendants "judges," "police," "DSS workers," and many others for claims related to the removal of her child (now 18 years old) from her custody and other matters. By order dated November 17, 2025, the Court dismissed the complaint (1) for failure to comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that a plaintiff make a short and plain statement of the claim, and (2) for improper joinder. (ECF 9.)

---

[1] *See*, *e.g.*, *Drews v. Greater Mental Health of New York*, No. 24-CV-6699 (S.D.N.Y. Nov. 19, 2024) (complaint against medical providers conducting evaluation in connection with Family Court matters dismissed); *Drews v. Adams*, No. 24-CV-6698 (NSR) (S.D.N.Y.) (pending complaint asserting claims against Police Officer Adams regarding the removal on May 31, 2023, of Drews's then-minor son from her custody); *Drews v. GoldOllar Real Estate Inv.*, No. 24-CV-6697 (LLS) (S.D.N.Y.) (amended complaint pending); *Drews v. Vill. of Suffern*, No. 24-CV-6696 (LLS) (SD.N.Y.) (amended complaint naming Suffern High School and others in Rockland County).

Because the claims raised in this action appeared to overlap with claims raised in Plaintiff's other actions, the Court granted Plaintiff only a limited opportunity, within 30 days, to file an amended complaint, and the Court directed Plaintiff either to: (1) name a single defendant and raise all of her claims (related or not) against that defendant; or (2) name multiple defendants but only assert logically related claims arising from the same incident or transactions. The deadline for Plaintiff to file an amended complaint has passed, and Plaintiff did not file an amended complaint.

On Friday, December 19, 2025, however, just after the deadline, Plaintiff requested an extension of time to file an amended complaint. In her request, Plaintiff indicates that the amended complaint will again include the many different matters included in her original complaint, such as "the withdrawal of plaintiff's divorce on March 31, 2015, the alleged theft of plaintiff's co-op interest (236 shares), identity theft, and the related child custody and retaliation issues." (ECF 11 at 4, ¶ 14.)

The Court has already notified Plaintiff that she could not bring unrelated claims against different parties in a single action. The Court's November 17, 2025 order did not grant Plaintiff leave to amend to expand her complaint further to include more parties and claims that are not logically related.

The Court grants Plaintiff's motion for an extension of time and directs Plaintiff to file an amended complaint within 30 days if she wishes to pursue this action. Importantly, however, Plaintiff's amended complaint should comply with the instructions set forth in the November 17, 2025 order (ECF 9), to make a short and plain statement of the claim and to follow Rules 18 and 20 of the Federal Rules of Civil Procedure identifying what parties and claims can be joined in a single action.

If Plaintiff does not file an amended complaint within the time allowed, the Court will enter judgment for the reasons set forth in the November 17, 2025 order of dismissal. By separate order, the Court grants Plaintiff's motion for permission to participate in ECF Filing. Plaintiff's motion for a protective order is denied (ECF 8), without prejudice to renewal once she has filed an amended complaint.

## CONCLUSION

Plaintiff's motion for an extension of time to file an amended complaint is granted (ECF 11). The Court directs Plaintiff, if she wishes to pursue this action, to file an amended complaint within 30 days of the date of this order.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-2710 (LLS). No summons will issue at this time.

SO ORDERED.

Dated:    February 25, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

3