USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DREWS,

Plaintiff,

-against-

JOAN SILVESTRI; IONA NORTHERN; JULIANNA LAMBOS; ROCKLAND COUNTY; ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES; CHARLENE SANTILLI; PATRICIA UNDERWOOD; JANE DOES 1-3; CARLA HINES-MELCHER,

Defendants.

25-CV-2710 (NSR)

SUPPLEMENTAL ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this action *pro se*.[1] By order dated November 17, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On March 27, 2026, Plaintiff filed an amended complaint (ECF 14) asserting claims arising from the removal on May 31, 2023, of her then-16-year-old son from her custody.

## DISCUSSION

### A. Service on Defendant Patricia Underwood

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

[1] This action was reassigned to my docket as related to *Drews v. Adams*, No. 7:24-cv-06698 (NSR).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Patricia Underwood. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

By way of a motion seeking an extension of time to serve Defendant Patricia Underwood, Plaintiff informed the Court of a clerical mix-up with Defendant Patricia Underwood's service address and provided the correct one. (ECF 40.)

**CONCLUSION**

The Clerk of Court is instructed to issue summonses for Defendant Patricia Underwood, complete the USM-285 form with the defendant's address, and deliver to the U.S. Marshals Service all documents necessary to effect service, including a copy of the amended complaint (ECF 14).

The Clerk of Court is directed to terminate the motion at ECF 40.

SO ORDERED.

Dated: July 16, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

1. Patricia Underwood, Nurse Practitioner
Rockland Pulmonary & Medical Associates
257 Lafayette Avenue, Suite 340
Suffern, NY 10901

AND

Rockland Pulmonary & Medical Associates
2 Crosfield Avenue, Suite 318
West Nyack, NY 10994